```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT

WESLEY SPEARS,                      :
                                    :
     Plaintiff,                     :
                                    :
     v.                             :     CASE NO. 3:02CV661(RNC)
                                    :
MARCUS CAMBY,                       :
                                    :
     Defendant.                     :
```

ORDER AND SUPERSEDING SCHEDULING ORDER

After a telephonic status conference held on December 13, 2004 at which the plaintiff was represented by Attorney Jaffe and the defendant was represented by Attorney Noonan, the plaintiff's motion to extend case management deadlines (doc. #41) is GRANTED in part and DENIED in part. The following dates are hereby adopted as reasonable and appropriate to serve the purposes of Fed. R. Civ. P. 1:

**Discovery Deadline**: All discovery, including all discovery relating to expert witnesses, will be completed (not propounded) by **January 31, 2005.**

**Motions to Compel**: Any motion for an order compelling disclosure or discovery pursuant to Fed. R. Civ. P. 37(a) must be filed within 30 days after the due date of the response. Failure to file a timely motion in accordance with this scheduling order constitutes a waiver of the right to file a motion to compel.

**Mandatory Settlement Conference**: Attorney Noonan shall inform the court as to whether a settlement conference with the undersigned is likely to be productive. If the parties agree that a settlement conference is likely to be productive, they shall provide to the undersigned's chambers by **January 14, 2005,** an estimate of the length of time needed for the mediation session as well as counsel's view as to when a mediation session is most likely to result in settlement of the case.

**Joint Trial Memorandum**: A joint trial memorandum in the form

described in the attached addendum will be filed on or before **February 28, 2005.** Counsel signing the memorandum must certify that it is the product of consultation between the lawyers who will be trying the case.

**Trial Ready List:** The case will be placed on the trial ready list for **March 2005.**

**Dispositive Motions:** No dispositive motion will be filed unless a prefiling conference is requested. Any request for a prefiling conference must be submitted in the form of a letter to the court (with copies to all counsel of record or pro se parties) briefly describing the nature and basis of the proposed motion. Except in cases involving pro se parties, no request for a prefiling conference may be submitted unless the attorney making the request has conferred with other counsel of record and discussed the proposed motion in a good faith effort to clarify the issues, eliminate or reduce the area of controversy and arrive at a mutually satisfactory resolution. Cf. D. Conn. L. Civ. R. 37(2)(requiring counsel to confer before filing motions relating to discovery disputes). Except in cases involving pro se parties, any request for a prefiling conference must include a statement that the attorney submitting the request has conferred with other counsel and must briefly describe the results of the conference. To be timely, any request for a prefiling conference regarding a motion for summary judgment must be submitted on or before **January 14, 2005.** Failure to submit a timely request may result in a waiver of the right to file a summary judgment motion. If a summary judgment motion is filed, the joint trial memorandum will be due 30 days after a ruling on the motion.

**Joint Status Reports of Counsel:** A joint status report of counsel will be submitted on or before **January 31, 2005.** The report will address the matters listed in Fed. R. Civ. P. 16(c). Joint status reports of counsel addressing those matters will be submitted every 90 days thereafter until the matter is resolved.

**Extensions of Time:** All dates set forth in this order are

firm and will be extended only for good cause.  The good cause standard requires a particularized showing that despite due diligence, the party seeking the extension could not comply with this order.  Because of the importance of the discovery deadline to the entire schedule, motions to extend the discovery deadline will be viewed with disfavor.  A motion to extend the discovery deadline will not be granted unless the movant shows that discovery was commenced promptly and pursued with due diligence in a good faith effort to comply with the deadline established by this order.

Counsel will provide their clients with a copy of this order.

So ordered at Hartford, Connecticut this 14th day of December, 2004.

_____/s/_____
Donna F. Martinez
United States Magistrate Judge