FILED

2005 JAN -5 P 4: 39

DISTRICT COURT
HARTFORD CT

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

WESLEY SPEARS

: CIVIL ACTION NO.: 3:02 CV661 (RNC)

MARCUS CAMBY                          : JANUARY 5, 2005

### PLAINTIFF'S MOTION TO COMPEL

The plaintiff in the above captioned matter hereby represents as follows:

1. This is an action wherein the plaintiff, Wesley S. Spears, Esq., alleges in essence that the defendant breached his contract with the plaintiff, to wit: Although the parties had verbally agreed in December, 1995, that the plaintiff would provided transportation, cash, services and support for the defendant, a star basketball player at the University of Massachusetts, and his family and selected friends, during the 1995-1996, college basketball season in exchange for 4% fo his NBA salary and 25% of his endorsements, and although the plaintiff completed his portion of the agreement the defendant breached his obligations and therefore, owes the plaintiff what the parties contracted for.

2. Notice of the deposition of the defendant, Marcus Camby was originally served in the above captioned matter on August 18, 2004, together with

ANDERSON, REYNOLDS & LYNCH, LLP
One Liberty Square, 2nd Floor, P.O. Box 235  New Britain, CT 06050  (860) 767-9191, Fax (860)767-2740, Juris No. 423876

request for production. See Notice of Deposition attached hereto as Exhibit 1. It was re-noticed for Wednesday January 5, 2005, by video conference from Denver Colorado.

3. The objections to the above referenced Request for Production of Documents were faxed to the undersigned at 9:20 a.m. on Tuesday, January 4, 2005, around the time the undersigned believes opposing counsel boarded a plane to Denver, Colorado.

4. Since discovery concludes on January 31, 2005, the plaintiff has no choice but to go forward with the deposition and this was the only available date for defense counsel to conduct the deposition.

5. However, the plaintiff moves to compel responses to the requests for production objected to and reserves the right to reconvene the defendant's deposition to inquire into such requests for productions which were not responded to.

2

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

WESLEY S. SPEARS

                Plaintiff            CIVIL ACTION NO. 3:02CV661 (RNC)

VS.

                                               AUGUST 18, 2004

MARCUS CAMBY

                Defendant

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**NOTICE OF DEPOSITION**

TO:    Patrick M. Noonan, Esq.
        Brock T. Dubin, Esq.
        Delaney, Zemetis, Donahue, Durham & Noonan, P.C.
        741 Boston Post Rd.
        Guilford, CT 06437

PLEASE TAKE NOTICE that at **9:30 a.m.** on **September 13, 2004**, at the law offices of Eisenberg, Anderson, Michalik & Lynch LLP, 136 West Main Street, New Britain, Connecticut, and continuing from day to day until completed, the Plaintiff will take the deposition by stenographic means upon oral examination of **Marcus Camby** before Niziankiewicz & Miller. This deposition will be taken pursuant to Fed. R. Civ. P. 30(b)(1) and may be used for discovery purposes or introduced as evidence at trial of this action.

Pursuant to Fed. R. Civ. P. 30(b)(5) and Fed. R. Civ. P. 34, **Marcus Camby** is requested to produce the following materials at the time and place this deposition will be taken:

1. Income Tax Returns of the Defendant, Marcus Camby for the years 1996 through 2003.

2. Copies of each commercial endorsement contract, including, but not limited to any contract or agreement with sneaker companies(s), playing card companies(s), video game manufacture, print media, television, and/or movie for the years 1996 through 2004 and any contract that extends into the future any length of time past 2004.

3. Copies of each royalty agreement of any kind between Marcus Camby and any company and/or individual or any other organization.

4. The lease and/or purchase agreement and or loan agreement for a 1996 Toyota Avalon and 1996 Jeep Cherokee or Grand Cherokee or any other car, truck or sport utility vehicle which was either leased, purchased or loaned to Janice Camby and/or Marcus Camby in April, May or June of 1996.

5. Copies of Contracts with National Basketball Association ("NBA") or any NBA Team or any subsidiary or affiliated company from 1996 to the present.

6. Agent Representation Contract between Marcus Camby and ProServe, Inc or any other agent that has represented Marcus Camby in relation to any contract negotiation with any NBA team.

7. Agent Representation Contract between Marcus Camby and Proserve, Inc or any other agent that has represented Marcus Camby in relation to any endorsement contract.

8. A copy of cellular phone bills and other telephone bills in the name of Marcus Camby while he played for the University of Massachusetts.

9. Any confidentiality agreements or secrecy agreements between Marcus Camby and either John Lounsbury and/or any other NBA player Agent an/or their representative.

10. Any confidentiality agreements or secrecy agreements between Marcus Camby and ProServe, Inc.

11. Any confidentiality agreements or secrecy agreements between Marcus Camby and Tony Dutt.

12. Any confidentiality agreements or secrecy agreements between Marcus Camby and Alex Johnson.

13. Any confidentiality agreements or secrecy agreement between Marcus Camby and any NBA Player Agent and/or the NBA.

14. All cancelled checks or other evidence of payments made by ProServe, Inc and/or James Bryant, Alex Johnson, Tony Dutt or Marcus Camby on behalf of or in regards to Marcus Camby to John Lounsbury or any other NBA Payer Agent or their representative.

15. All tape recordings, or videotapes of Marcus Camby, John Lounsbury, Tamia Murry, Boris Wray, Herdel Christie, Janice Camby and Wesley S. Spears taken from November 1995 to June 1996, excluding footage of Marcus Camby playing basketball.

16. All other documents, notes, records, letters, files and disks related to the subject matter of the Complaint

The oral examination will continue from day to day until completed. You are invited to attend and cross-examine.

Dated at New Britain, Connecticut, this 18th day of August, 2004.

PLAINTIFF, WESLEY S. SPEARS

BY: /s/ David K. Jaffe
David K. Jaffe
Fed. Bar #ct04640
Eisenberg, Anderson, Michalik & Lynch LLP
136 West Main Street
P.O. Box 2950
New Britain, CT 06050-2950
Telephone: (860) 225-8403
E-mail: davidjaffe@eaml.com

- 3 -

## CERTIFICATION

This is to certify that a copy of the foregoing was mailed, postage prepaid, certified mail, return receipt requested, this 20th [~~18th~~] day of August 2004, to the following:

Patrick M. Noonan (ct00189)
Brock T. Dubin (ct18777)
Delaney, Zemetis, Donahue, Durham & Noonan, P.C.
741 Boston Post Road
Guilford, CT 06437

Wesley S. Spears, Esq.
53 Russ St.
Hartford, CT 06106

A. Paul Spinella, Esq.
Spinella & Associates
One Lewis St.
Hartford, CT 06103

and by regular mail, postage prepaid, to:

Niziankiewicz & Miller
972 Tolland Street
East Hartford, CT 06108-1533

_____
David K. Jaffe
Fed. Bar #ct04640

- 4 -

8. A copy of cellular phone bills and other telephone bills in the name of Marcus Camby while he played for the University of Massachusetts.

**OBJECTION**: The information sought by this interrogatory is completely irrelevant. The plaintiff in his Complaint alleges that he had a meeting with Wesley Spears in December 1995, which is where they found their oral contract.

**Plaintiff's response**: This relates to the time and numbers of calls placed between the plaintiff and the defendant and tends to establish the degree of their relationship and when it occurred and therefore, reasonably calculated to lead to the discovery of admissible evidence.

9. Any confidentiality agreements or secrecy agreements between Marcus Camby and either John Lounsbury and/ or any other NBA player, agent and/ or their representative.

**OBJECTION**: This interrogatory seeks information which is wholly irrelevant to the plaintiff's claim. Indeed, the information requested by this interrogatory would provide the plaintiff with a sum of money which can be paid to another agent. However, it does not assist the present plaintiff in is prosecuting his claim for damages. The present plaintiff argues that he orally contracted with Camby if Camby would give him 4 percent of his salary and 20 percent of his income derived from marketing endorsements during his professional basketball career. Accordingly, the information sought is of no relevance.

**Plaintiff's response**: See response to #6 above.

ANDERSON, REYNOLDS & LYNCH, LLP
One Liberty Square, 2nd Floor, P.O. Box 235  New Britain, CT 06050  (860) 767-9191, Fax (860)767-2740, Juris No. 423876

10.   Any confidentiality agreements or secrecy agreements between Marcus Camby and ProServe, Inc.

**OBJECTION**: This interrogatory seeks information which is wholly irrelevant to the plaintiff's claim. Indeed, the information requested by this interrogatory would provide the plaintiff with a sum of money which can be paid to another agent. However, it does not assist the present plaintiff in is prosecuting his claim for damages. The present plaintiff argues that he orally contracted with Camby if Camby would give him 4 percent of his salary and 20 percent of his income derived from marketing endorsements during his professional basketball career. Accordingly, the information sought is of no relevance.

**Plaintiff's response:** See response to #6 above.

11.   Any confidentiality agreements or secrecy agreements between Marcus Camby and Tony Dutt.

**OBJECTION**: This interrogatory seeks information which is wholly irrelevant to the plaintiff's claim. Indeed, the information requested by this interrogatory would provide the plaintiff with a sum of money which can be paid to another agent. However, it does not assist the present plaintiff in is prosecuting his claim for damages. The present plaintiff argues that he orally contracted with Camby if Camby would give him 4 percent of his salary and 20 percent of his income derived from marketing endorsements during his professional basketball career. Accordingly, the information sought is of no relevance.

**Plaintiff's response:** See response to #6 above.

5

    12.     Any confidentiality agreements or secrecy between Marcus Camby and Alex Johnson.

**OBJECTION**: This interrogatory seeks information which is wholly irrelevant to the plaintiff's claim. Indeed, the information requested by this interrogatory would provide the plaintiff with a sum of money which can be paid to another agent. However, it does not assist the present plaintiff in is prosecuting his claim for damages. The present plaintiff argues that he orally contracted with Camby if Camby would give him 4 percent of his salary and 20 percent of his income derived from marketing endorsements during his professional basketball career. Accordingly, the information sought is of no relevance.

**Plaintiff's response:** See response to #6 above.

    13.     Any confidentiality agreements or secrecy agreements between Marcus Camby and any NBA player Agent and/ or the NBA.

**OBJECTION**: This interrogatory seeks information which is wholly irrelevant to the plaintiff's claim. Indeed, the information requested by this interrogatory would provide the plaintiff with a sum of money which can be paid to another agent. However, it does not assist the present plaintiff in is prosecuting his claim for damages. The present plaintiff argues that he orally contracted with Camby if Camby would give him 4 percent of his salary and 20 percent of his income derived from marketing endorsements during his professional basketball career. Accordingly, the information sought is of no relevance.

**Plaintiff's response:** See response to #6 above.

  14. All cancelled checks or other evidence of payments made by ProServe, Inc., and/ or James Bryant, Alex Johnson, Tony Dutt or Marcus Camby on behalf of or in regards to Marcus Camby to John Lounsbury or any other NBA player Agent or their representative.

**OBJECTION**: This interrogatory seeks information which is wholly irrelevant to the plaintiff's claim. Indeed, the information requested by this interrogatory would provide the plaintiff with a sum of money which can be paid to another agent. However, it does not assist the present plaintiff in is prosecuting his claim for damages. The present plaintiff argues that he orally contracted with Camby if Camby would give him 4 percent of his salary and 20 percent of his income derived from marketing endorsements during his professional basketball career. Accordingly, the information sought is of no relevance.

**Plaintiff's response:** <u>See</u> response to #6 above.

  15. All tape recordings or videotapes of Marcus Camby, John Lounsbury, Tamia Murry, Boris Wray, Herdel Christie, Janice Camby and Wesley S. Spears taken from November 1995, to June 1996, excluding footage of Marcus Camby playing basketball.

**OBJECTION**: This interrogatory seeks information which is wholly irrelevant to the plaintiff's claim. Indeed, the information requested by this interrogatory would provide the plaintiff with a sum of money which can be paid to another agent. However, it does not assist the present plaintiff in is prosecuting his claim for damages. The present plaintiff argues that he orally contracted with Camby if Camby would give him 4 percent of his salary and 20 percent of his income derived from marketing endorsements during his professional basketball career. Accordingly, the information sought is of no relevance.

**Plaintiff's response:** This relates to any professional videotapes presented to the defendant by the plaintiff depicting what professional services he would perform for him and to any other professional videotapes and therfore, reasonably calculated to lead

7

**Plaintiff's response:** This relates to any professional videotapes presented to the defendant by the plaintiff depicting what professional services he would perform for him and to any other professional videotapes and therfore, reasonably calculated to lead to the discovery of admissible evidence.

PLAINTIFF

*David K. Jaffe*

BY _____

### CERTIFICATION

Patrick M. Noonan (ct00189)
Brock T. Dubin (ct18777)
Delaney, Zemetis, Donahue, Durham & Noonan, P. C.
741 Boston Post Road
Guilford, CT 06437


A. Paul Spinella, Esq.
Spinella & Associates
One Lewis Street
Hartford, CT 06103

*David K. Jaffe*

_____
David K. Jaffe
Juris # 423876

8