UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| WESLEY S. SPEARS | : | CIVIL NO. 3:02CV661(RNC) |
| VS. | : | |
| MARCUS CAMBY | : | JUNE 10, 2005 |

**PLAINTIFF'S SUR-REPLY TO DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT**

The plaintiff, Wesley S. Spears, hereby submits this memorandum of law in response to Defendant's Reply Brief in Support of Motion for Summary Judgment, dated May 18, 2005.

### I. The Defendant Cannot Re-Argue Issues That Have Already Been Ruled Upon

The Defendant is precluded from re-briefing and re-arguing issues that have already been decided upon by this Court in prior proceedings. The law of the case doctrine operates to bar the defendant from attempting to re-litigate issues that were previously decided in 2002.

The law of the case doctrine provides that "[a] court may reconsider a prior ruling under three situations: 1) an intervening change in the controlling law; 2) the availability of new evidence; and 3) the need to correct a clear error of law or to

prevent manifest injustice." Id., see also DiLaura v. Power Auth. Of State of New York, 982 F.2d 73, 76 (2d Cir. 1992); Washington Nat'l Life Ins. Co. of New York v. Morgan Stanley & Co., Inc., 974 F. Supp. 214, 218-19 (S.D.N.Y. 1997).

The defendant now somehow argues that this doctrine does not apply to these proceedings because "the standard of review is different" than it was in 2002. Though the defendant correctly points out that a motion to dismiss and a motion for summary judgment are indeed separate and distinct proceedings, the defendant cannot now take advantage of a second proceeding to test the same arguments that were rejected by this court nearly three years ago, absent a substantial change of law or facts. To allow otherwise, essentially offers the defendant a second "bite at the apple" and undermines the plaintiff's rights as they pertain to this court's prior rulings in the plaintiff's favor.[1]

## II.  Usury Concepts Clearly Do Not Apply

It is clear from the wording of Conn. Gen. Stat. §37-4 and the related case law that the relationship between the parties, as described by the plaintiff, constitutes a business contract with appropriate risks and benefits to each side, and is plainly not a loan or a usurious loan.

---

[1] In his present motion, the defendant has cited no new cases and has raised no new facts which are materially different from those stated in the Complaint at the time that the defendant filed his Motion to Dismiss. Therefore, the law of the case must apply, absent manifest injustice.

### III.  Plaintiff Does Not Concede the Defendant's Unclean Hands Argument

Contrary to defendant's argument, the plaintiff does not concede the defendant's unclean hands argument.  The Plaintiff argued in his original Opposition that if any party to this case was unfairly surprised or "scammed", it was Mr. Spears.  Mr. Spears relied on the admitted misrepresentations of the defendant and his friends over a considerable period of time and expended substantial time, effort, and money on the defendant in reliance thereon.  The defendant knew the business of basketball infinitely better than Mr. Spears, who had no prior or subsequent similar involvements.  This serves to contradict any argument on the part of the defendant, an admitted "scam artist", that he entered any agreement with the plaintiff from an unequal or "cleaner" bargaining position.

### IV.  Collateral Estoppel

The plaintiff also hereby notes that the defendant made almost identical arguments to those presented in his instant motion in the case of John Lounsbury v. Marcus Camby, et al., Docket No. UWY-CV-99-0150580S, by a Motion for Summary Judgment, dated February 23, 2005, which motion was denied by the Court (Eveleigh, J.) on April 4, 2005.  See Memorandum of Decision and accompanying Memorandums of Law, Exhibits A - D.  Based on the doctrine of collateral estoppel or

issue preclusion, he is currently estopped from re-raising these same issues in this case.  See Allen v. McCurry, 449 U.S. 90, 94 (1980); Burgos v. Hopkins, 14 F.3d 787, 789 (2d Cir. 1994); United States v. Envicon Dev. Corp., 153 F. Supp. 2d 114, 123 (D. Conn. 2001).

### V.     Conclusion

The defendant still has not complied with Local Rule 56(a)(1) requirements in that he has not provided citations to the record as to the claimed undisputed facts.  As such, the Court should deny his Motion for Summary Judgment for that reason alone.

Regardless, the defendant's so-called "Reply Brief", for the most part, merely rehashes arguments from his initial brief that he has already lost on, while also failing to present any substantial change in the law or facts of the case.  Consequently, this motion should be denied for this reason as well.

Finally, the defendant is wrong on the merits (as previously adjudicated and briefed).

**WHEREFORE**, the plaintiff respectfully requests that the Court deny the defendant's Motion for Summary Judgment in, its entirety.

THE PLAINTIFF,
WESLEY SPEARS


By:_____
    David K. Jaffe, Esq. (Fed. Bar #ct04640)
    Brown Paindiris & Scott, LLP
    100 Pearl Street
    Hartford, CT 06103
    Tel: (860) 522-3343
    Fax: (860) 522-2490

## CERTIFICATION

I certify that a copy of the foregoing has been mailed, postage prepaid, on June 10, 2005, to the following:

Patrick M. Noonan
Donahue, Durham & Noonan, P.C.
741 Boston Post Road
Guilford, CT 06437

A. Paul Spinella
Spinella & Associates
One Lewis Street
Hartford, CT 06103

_____
David K. Jaffe