LOUNSBURY,JOHN          VS.
CAMBY,MARCUS           UWY-CV-99-0150580S(EIP)


          ***   ORDER   ***

RE DEFENDANT MARCUS CAMBY'S MOTION FOR SUMMARY
JUDGMENT, DATED 2/23/05

ORDERED:  DENIED.  MATERIAL ISSUE OF FACT
EXISTS RE NATURE OF RELEASE AND UNDERLYING
CLAIMS.  RELEASE IS NOT SIGNED BY THE
DEFENDANT AND IS AMBIGUOUS.

EVELEIGH, J.
4/4/05



AMG




                              NEUBERT PEPE & MONTEITH
SUPERIOR COURT                195 CHURCH ST/13TH FLOOR
300 GRAND STREET              P.O. BOX 1940
P.O. BOX 1790
WATERBURY, CONNECTICUT   06721   NEW HAVEN        CT 06509




DATED: APR 05, 2005
UWY

1 of 3 DOCUMENTS

John Lounsbury v. Marcus Camby et al.

CV990150580S

SUPERIOR COURT OF CONNECTICUT, JUDICIAL DISTRICT OF
WATERBURY, AT WATERBURY

2004 Conn. Super. LEXIS 192

January 26, 2004, Decided
January 27, 2004, Filed

NOTICE: [*1]    THIS DECISION IS UNREPORTED
AND MAY BE SUBJECT TO FURTHER APPELLATE
REVIEW. COUNSEL IS CAUTIONED TO MAKE AN
INDEPENDENT    DETERMINATION    OF    THE
STATUS OF THIS CASE.

LexisNexis(R) Headnotes

JUDGES: Alvord, J.

OPINIONBY: Alvord

OPINION: MEMORANDUM OF DECISION

Plaintiff, Michael J. Daly, the Chapter 7 Trustee for
the Bankruptcy Estate of John T. Lounsbury and
Additional Party Plaintiff (hereinafter, the "Trustee") has
brought claims against Marcus Camby and ProServ Inc.
Plaintiff Lounsbury alleges that, while a student at the
University of Massachusetts and a member of its
basketball team, Camby promised that he would sign an
exclusive agency contract with the plaintiff when he
ended his collegiate career if Lounsbury provided
Camby, his friends and family with money, gifts,
gratuities and services.

In a motion dated October 8, 2003, the defendant
Camby has moved to strike the four counts against him.
A Memorandum of Law in support of the Motion to
Strike was filed on that same day. That motion was the
subject of oral argument on January 12, 2004. The
Trustee provided the court, at oral argument, a
"Memorandum of Law in Opposition to ProServe
Motion for Summary Judgment" (sic). The first sentence
of that memorandum states that [*2] it is submitted "in
opposition to Marcus Camby's Motion to Strike." No
other    memorandum    was    submitted    by    the
Trustee/Plaintiff, regarding this motion.

STANDARD OF REVIEW ON MOTION TO STRIKE

The function of a motion to strike is to test the legal
sufficiency of the allegations of a complaint to state a
claim upon which relief can be granted. *Vacco v.
Microsoft Corp.*, 260 Conn. 59, 65, 793 A.2d 1048
(2002); *Sherwood v. Danbury Hospital*, 252 Conn. 193,
213, 746 A.2d 730 (2000); *Novametrix Medical Systems,
Inc. v. BOC Group, Inc.*, 224 Conn. 210, 214-15, 618
A.2d 25 (1992); *Ferryman v. Groton*, 212 Conn. 138,
142, 561 A.2d 432 (1989); Practice Book 10-39. The role
of the trial court is to examine the complaint, construed
in favor of the pleader, to determine whether the pleader
has stated a legally sufficient cause of action. *Suffield
Development Associates Ltd. Partnership v. National
Loan Investors, L.P.*, 260 Conn. 766, 772, 802 A.2d 44
(2002); *ATC P'shp v. Town of Windham*, 251 Conn. 597,
603, 741 A.2d 305 (1999), cert. denied, 530 U.S. 1214,
120 S. Ct. 2217, 147 L. Ed. 2d 249 (2000); [*3] *Dodd v.
Middlesex Mutual Assurance Co.*, 242 Conn. 375, 378,
698 A.2d 859 (1997); *Napoletano v. CIGNA Healthcare
of Connecticut, Inc.*, 238 Conn. 216, 232-33, 680 A.2d
127 (1996), cert. denied, 520 U.S. 1103, 117 S. Ct. 1106,
137 L. Ed. 2d 308 (1997).

In adjudicating a motion to strike, the court must
construe the facts alleged in the complaint in the manner
most favorable to the plaintiff. *Vacco v. Microsoft Corp.,
supra*, 260 Conn..65; *Gazo v. Stamford*, 255 Conn. 245,
260, 765 A.2d 505 (2001); *Bohan v. Last*, 236 Conn.
670, 675, 674 A.2d 839 (1996); *Sassone v. Lepore*, 226
Conn. 773, 780, 629 A.2d 357 (1993); *Novametrix*

*Medical Systems, Inc. v. BOC Group, Inc.*, *supra*, 224 Conn. 215; *Gordon v. Bridgeport Housing Authority*, 208 Conn. 161, 170, 544 A.2d 1185 (1988). The requirement of favorable construction does not extend, however, to legal opinions or conclusions stated in the complaint, but only to factual allegations and the facts "necessarily implied and fairly provable under the allegations." (Internal quotation marks omitted. [*4] ) *Forbes v. Ballaro*, 31 Conn.App. 235, 239, 624 A.2d 389 (1993).

## COUNT ONE: ALLEGED CONTRACT IS ILLEGAL

Camby has moved to strike Count One on the ground that the alleged contract is illegal, against public policy, and fails to identify a clear and definite promise. "A motion to strike challenges the legal sufficiency of the complaint. The defendant's claim that the parties' agreement is in violation of public policy does not challenge the plaintiff's cause of action, but rather is in the nature of a defense." Holzberg, J. denial of # 109 ProServe's Motion to Strike, June 15, 1999, citing *Lichstein v. Yankee Coach*, 20 CLR. The motion to strike Count One is denied.

## COUNT TWO: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

Camby has moved to strike Count Two on the ground that Trustee/Plaintiff is unable to identity any conduct that is extreme and outrageous nor has he alleged emotional distress that can be considered severe. Lounsbury, in its memorandum of law in opposition, simply refers the court to a June 9, 1999 memorandum related to defendant ProServe's motion to strike.

As stated above, in adjudicating a motion to strike, the court must construe [*5] the facts alleged in the complaint in the manner most favorable to the plaintiff. The court must also construe the complaint in the manner most favorable to sustaining its legal sufficiency.

The requirement of favorable construction does not extend, however, to legal opinions or conclusions stated in the complaint, but only to factual allegations and the facts "necessarily implied and fairly provable under the allegations." *Lavoie v. Bayer Corporation*, 2002 Conn. Super. LEXIS 205, No. X01-CV 01-010168392 (Jan. 23, 2002), 2002 Ct.Sup. 746, 31 Conn. L. Rptr. 391, citing *Forbes v. Ballaro*, 31 Conn.App. 235, 239, 624 A.2d 389 (1993).

Connecticut's appellate courts have stated that conclusory statements or statements of legal effect not supported by allegations of fact will not enable a complaint to withstand a motion to strike. *Mingachos v. CBS, Inc.*, 196 Conn. 91, 108, 491 A.2d 368 (1985); *Raye v. Wesleyan University*, 2003 Conn. Super. LEXIS

983, No. CV-02-0098365-S (Apr. 10, 2003) 2003 Ct.Sup. 4870.

To sustain a claim for intentional infliction of emotional distress, a plaintiff, must establish; "(1) that the actor intended to inflict emotional distress; or that he knew [*6] or should have known that the emotional distress was a likely result of his conduct; (2) that the conduct was extreme and outrageous; (3) that the defendant's conduct was the cause of the plaintiff's distress; and (4) that the emotional distress sustained by the plaintiff was severe." *Petyan v. Ellis*, 200 Conn. 243, 253, 510 A.2d 1337 (1986). The question of whether a defendant's conduct is sufficient to satisfy the extreme and outrageous element is in the first instance for the court. *Carnemolla v. Walsh*, 75 Conn.App. 319, 331, 815 A.2d 1251 (2003)

"Liability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community. Generally, the case is one in which recitation of the facts to an average meter of the community would arouse his resentment against the actor, and lead him to exclaim, 'Outrageous!' . . . Conduct on the part of the defendant that is merely insulting or displays bad manners or results in hurt feelings is insufficient to form the basis for an action based upon intentional [*7] infliction of emotional distress." (Citation omitted; internal quotation omitted.) *Appleton v. Board of Education*, 254 Conn. 205, 210-11, 757 A.2d 1059 (2000).

In *Carnemolla v. Walsh*, 75 Conn.App. 319, 332, 815 A.2d 1251 (2003), the Appellate Court held that the defendant's action of accusing the plaintiff of embezzling company funds and requesting that the plaintiff sign resignation and release forms in front of the plaintiff's coworker was not outrageous and extreme conduct. The Court compared the conduct of the defendant to conduct which occurred in *Dollard v. Board of Education*, 63 Conn.App. 550, 552-53, 777 A.2d 714 (2001), where the defendants hypercritically scrutinized every aspect of the plaintiff's work and personal life, publicly admonished her and organized a plan to force her to resign. The foregoing conduct was not held to be outrageous or extreme. *Carnemolla*, at 333. The Court also looked at *Appleton v. Board of Education*, *supra*, where the plaintiff was subjected to condescending comments by the employer, subjected to two psychiatric evaluations, escorted off the employer's premises by police [*8] and forced to resign. Nonetheless, the defendant's conduct was determined to be not outrageous or extreme. *Carnemolla*, at 333.

2004 Conn. Super. LEXIS 192,

The alleged accusations of which the plaintiff complains relate entirely to pre-employment related contact between professional agent (plaintiff) and student athlete (Camby). The defendant's alleged conduct does not even rise to the level of offensiveness of the defendants' conduct in *Carnemolla*, or *Dollard*, which was insufficient as a matter of law to constitute intentional infliction of emotional distress.

There is no doubt that the defendant's conduct in investigating and criticizing the plaintiff's job performance was distressing and offensive to the plaintiff. Nonetheless, "criticism of employee job performance . . . is an expected, albeit unwelcome and uncomfortable, part of every employee's working life. Unless it is of such a nature as to exceed all bounds of human decency and to be totally unacceptable in a civilized society, it cannot support a civil damages action." *Scandura v. Friendly Ice Cream Corp.*, No. CV930591095, 1996 Conn. Super. LEXIS 1642, at *13-14 (Conn.Super., 1996, Sheldon, J.). The defendant Camby's alleged conduct clearly did [*9] not exceed all or even any bounds of human decency, and was not extreme or outrageous.

For the foregoing reasons, the motion to strike Count Two is granted.

## COUNT THREE: NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

The applicable statute of limitations for negligence actions, § 52-584, provides in pertinent part: "No action to recover damages for injury to the person . . . caused by negligence . . . shall be brought but within two years from the date when the injury is first sustained or discovered or in the exercise of reasonable care should have been discovered . . ." In the present case, the plaintiff alleges that Camby's tortious conduct continued from October 1994 through April 1996. Therefore the cause of action expired in 1998. The present complaint

was not served until January 1999, almost 3 years after the alleged conduct terminated. The plaintiff, in either his complaint or his responsive memorandum of January 10, 2004, does not assert either a tolling of the statute, or that a three-year limitations period should apply. Accordingly, the plaintiff's claim for negligent infliction of emotional distress is barred by the statute of limitations. The motion to strike [*10] Count Three is granted.

## COUNT FOUR: CUTPA

Count Four claims a violation of the Connecticut Unfair Trade Practices Act, General Statutes § 42-110 et seq., and in support thereof alleges a few facts which do not quite add up to the conclusion that the defendant Camby was engaged in the conduct of trade or commerce at the time of his alleged actions. For example, in paragraph 5 of count one, incorporated by reference into the CUTPA count, the plaintiff alleges that the "defendant Camby repeatedly promised the plaintiff that if the plaintiff would supply him and his friends with money, gifts, gratuities and services, defendant Camby would sign an exclusive agency contract with the plaintiff, *when Camby ended his college basketball career and became a professional athlete*." [Emphasis supplied]. At all times alleged in the complaint, defendant Camby was a student-athlete at the University of Massachusetts. Nowhere in the complaint is there reference to any trade or commerce while Camby was a student-athlete. Thus, the reader is called upon to make several leaps of faith in order to conclude that the defendant's alleged actions in accepting gifts while [*11] a student was related to his being engaged in trade or commerce. Although, in deciding a motion to strike, the complaint is to be construed in the light most favorable to the plaintiff, that construction does not include making assumptions based on leaps of faith. The motion to strike Count Four is therefore granted.

Alvord, J.

2 of 3 DOCUMENTS

**John Lounsbury v. Marcus Camby et al.**

**CV990150580S**

**SUPERIOR COURT OF CONNECTICUT, JUDICIAL DISTRICT OF WATERBURY, AT WATERBURY**

2003 Conn. Super. LEXIS 3128

November 13, 2003, Decided
November 13, 2003, Filed

NOTICE: [*1]  THIS DECISION IS UNREPORTED AND MAY BE SUBJECT TO FURTHER APPELLATE REVIEW. COUNSEL IS CAUTIONED TO MAKE AN INDEPENDENT DETERMINATION OF THE STATUS OF THIS CASE.

LexisNexis(R) Headnotes

JUDGES: ALVORD, J.

OPINIONBY: Alvord

OPINION: MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT OF DEFENDANT, PROSERV, INC.

In the above-captioned case, the plaintiff, John Lounsbury initiated an action against defendants Camby and ProServ, Inc. ("ProServ"). Lounsbury alleges that, while a student at the University of Massachusetts and a member of its basketball team, Camby promised that he would sign an exclusive agency contract with the plaintiff when he ended his collegiate career if Lounsbury provided Camby, his friends and family with money, gifts, gratuities and services. At the time of the alleged agreement, Lounsbury was not a certified agent and therefore was not authorized, in accordance with the collective bargaining agreement between the Players Association and the National Basketball Association (NBA), to represent Camby in contract negotiations with any NBA team. In 1996 Camby signed an exclusive agency contract with the defendant ProServ to represent him in contract negotiations with the NBA team that drafted Camby. In [*2]  this action, Lounsbury alleges that Camby breached his oral contract with him by signing with ProServ and that ProServ tortiously interfered with his agreement with Camby.

In an earlier motion, Camby moved to dismiss the action claiming that the dispute which is the subject of this litigation is subject to mandatory arbitration pursuant to the National Basketball Players Association Regulations and the Federal Arbitration Act. The court (Holzberg, J. 8/11/03) reviewed the relevant provisions of the Regulations and determined that at the time of the formation of the alleged contract and its claimed breach, neither Lounsbury nor Camby were subject to those Regulations. Accordingly, the court denied Camby's motion to dismiss.

Also docketed on the calendar at the time the above motion to dismiss was heard was a summary judgment motion ( # 146) brought by defendant ProServ. Without objection, the court (Holzberg, J.) deferred hearing the summary judgment motion. It was reclaimed by ProServ for a hearing on October 20, 2003. ProServ has moved for summary judgment with respect to the fifth through eighth counts of Lounsbury's complaint. It is ProServ's position that the alleged contract [*3]  on which the Fifth, Sixth, Seventh and Eighth Counts are based is illegal and violates public policy and thus, Lounsbury cannot maintain an action based on the contract. ProServ further argues, as a basis for this motion, that Lounsbury is unable to establish the elements of a claim of tortious interference with the contract which is the basis of the claims asserted against ProServ. It is the position of ProServ that there are no genuine issues of material fact in dispute.

I. *Standard of Review for Summary Judgment*

Summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *LaFlamme v. Dallessio*, 261 Conn. 247, 250, 802 A.2d 63 (2002); *QSP, Inc. v. Aetna Casualty & Surety Co.*, 256 Conn. 343, 351, 773 A.2d 906 (2001); *Alvarez v. New Haven Register, Inc.*, 249 Conn. 709, 714, 735 A.2d 306 (1999); *Nichols v. Lighthouse Restaurant, Inc.*, 246 Conn. 156, 163, 716 A.2d 71 (1998); *Peerless Ins. Co. v. Gonzalez*, 241 Conn. 476, 481, 697 A.2d 680 (1997); [*4]  Practice Book § 17-49.

The party moving for summary judgment bears the burden of proving the absence of a genuine dispute as to any material fact; and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact. Rivera v. Double A Transp., Inc., 248 Conn. 24. "To satisfy his burden the movant must make a showing that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact." *Witt v. St. Vincent's Medical Center*, 252 Conn. 363, 373 n.7, 746 A.2d 753 (2000)

In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. The test is whether a party would be entitled to a directed verdict on the same facts. *Sherwood v. Danbury Hospital*, 252 Conn. 193,

201, 746 A.2d 730 (2000); *Serrano v. Burns*, 248 Conn. 419, 424, 727 A.2d 1276 (1999); *Connell v. Colwell*, 214 Conn. 242, 246-47, 571 A.2d 116 (1990); *Forte v. Citicorp Mortgage, Inc.*, 66 Conn.App. 475, 784 A.2d 1024 (2001). [*5]  In Connecticut, a directed verdict may be rendered only if, on the evidence viewed in the light most favorable to the nonmovant, the trier of fact could not reasonably reach any other conclusion than that embodied in the verdict as directed. *United Oil Co. v. Urban Redevelopment Commission*, 158 Conn. 364, 380, 260 A.2d 596 (1969); *Vuono v. Eldred*, 155 Conn. 704, 705, 236 A.2d 470 (1967).

In ruling on a motion for summary judgment, the court's function is not to decide issues of material fact, but rather to determine whether any such issues exist. *Nolan v. Borkowski*, 206 Conn. 495, 500, 538 A.2d 1031 (1998); *Telesco v. Telesco*, 187 Conn. 715, 718, 447 A.2d 752 (1982).

### II. *Are There Genuine Issues of Material Fact?*

ProServ states that Lounsbury is basing his action, counts five through eight, on an alleged contract and conduct that violates Connecticut civil and criminal law with respect to prohibited acts of athlete agents. In Connecticut General Statutes § 20-555, Prohibited Acts are defined as:

An athlete shall not:

(1) Publish or cause to be published any false, fraudulent or misleading [*6] information, representation, notice or advertisement or give any false information or make any false promises or representations to any person concerning any employment;

(2) Divide fees with or receive compensation from a professional sports league or franchise or its representative or employee;

(3) Enter into any agreement, written or oral, by which the athlete agent offers anything of value to any employee of an institution of higher education located in this state in return for the referral of any athletes by that employee;

(4) Enter into an oral or written agent contract or professional sport services contract with an athlete before the athlete's eligibility for collegiate athletics expires; or

(5) Give, offer or promise anything of value to an athlete, his guardian or to any member of the athlete's immediate family before the athlete's eligibility for collegiate athletics expires.

The statutory civil and criminal penalties for failing to comply with § 20-555 include, as per § 20-557,

(a)(1) The Commissioner of Consumer Protection may, after notice and conducting a hearing . . . revoke or suspend any certificate of registration issued pursuant to sections 20-553 to [*7] 20-558.

(2) The commissioner shall revoke any such certificate of registration held by any person who is convicted under subsection (d) of this section . . .

(b) The Commissioner of Consumer Protection may, after notice and conducting a hearing . . . order restitution or impose a civil penalty, or both, for a violation of any provision of sections 20-553 to 20-558 . . . Any civil penalty imposed by the commissioner under this subsection shall not exceed one thousand dollars plus the amount of profits derived as a result of the violation minus any amount paid as restitution.

(c) A violation of any provision of sections 20-553 to 20-558, . . . shall be deemed an unfair or deceptive trade practice under subsection (a) of section 42-110b.

(d) In addition to any other remedy provided for in this section, any person who violates any provision of sections 20-553 to 20-558, inclusive, or any regulation adopted pursuant to section 20-556, shall be guilty of a class B misdemeanor.

The courts are in agreement that the moving party for summary judgment has the burden of showing the absence of any genuine issue as to all the material facts, which, under applicable principles of substantive [*8] law, entitle him to a judgment as a matter of law. The courts hold the movant to a strict standard. To satisfy his burden the movant must make a showing that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact. As the burden of proof is on the movant, the evidence must be viewed in the light most favorable to the opponent.

In making its motion for summary judgment, ProServ asserts that because Lounsbury's conduct allegedly falls within Connecticut General Statutes § 20-555, he cannot prevail on his claims. In response to the motion for summary judgment, Lounsbury argues that based on the facts of the matter, Connecticut law does not apply. Lounsbury argues that Camby was a student at the University of Massachusetts during the period at issue, therefore Massachusetts law applied. Further, Lounsbury asserts n1 that there is no comparable Massachusetts statute, and even were Connecticut law to be applicable, that application of the statute in question would be impermissibly retroactive.

n1 In their brief, Lounsbury states "in order to succeed, ProServ must demonstrate that

plaintiff's conduct violated an applicable statute at the time the contract was made . . . Defendant seeks to retroactively apply a law to actions which occurred in another state to another state's resident."

[*9]

The movants have not demonstrated what the facts are with regard to this claim. There is a genuine issue of material fact, and their motion for summary judgment on counts five through eight is denied.

ALVORD, J.