UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| WESLEY S. SPEARS | : | CIVIL NO. 3:02CV661(RNC) |
| VS. | : | |
| MARCUS CAMBY | : | JUNE 10, 2005 |

**PLAINTIFF'S LOCAL RULE 56(a)(2) STATEMENT**

The plaintiff responds to Defendant's Local Rule 56(a)(1) Statement in Support of Motion for Summary Judgment as follows:

1. Admitted.

2. Denied as incomplete.

3. Insufficient knowledge to admit or deny.

4. Admitted.

5. Admitted.

6. Denied.

7. Denied.

8. Admitted.

9. Denied.

The plaintiff further notes that the defendant failed to support his 56(a)(1) statement with any specific citations, pursuant to Local Rule 56(a)(3).

**DISPUTED ISSUES OF MATERIAL FACT**

1. Around Christmas time, 1995, at the plaintiff's home in West Hartford, he gave Marcus Camby, a junior at the University of Massachusetts, a gold chain and pendant in a box, which he had requested, which he opened, and accepted, as well as $5,000, around that time as well. See Affidavit of Wesley Spears, Esq. (attached to Plaintiff's Objection to Defendant's Motion for Summary Judgment).

2. The defendant agreed at that time that the plaintiff would represent him and be entitled to 4% of his salary and 20% of his endorsements if he became an NBA player, in exchange for the plaintiff's continued support of him until he declared for the NBA draft, which would occur, probably, either in May, 1996 or May, 1997. Id.

3. At the time, the defendant knew that he had already been paid by John Lounsbury, in an attempt to become his agent and therefore he was "ineligible" under NCAA rules. Id.; see also Deposition of M. Camby, Exhibit A, at 94-96, 107-09, 135, 152-53.

4. Pursuant to the agreement, the plaintiff fully performed his end of the bargain as follows:

    a) He spent approximately $75,000 on the defendant and his friends and mother from December, 1995 through May, 1996 on items including cars, airline tickets, jewelry, clothing, basketball tickets, hotel rooms, and shopping sprees. Id.

    b) He downsized his criminal and personal injury solo law practice to less than half its prior size to support and assist the defendant, as promised, to his great additional financial detriment. Id.

    c) He attended, also at his own cost, most of the defendant's 1995 – 1996 home and away regular season and playoff college basketball games and often paid the way for friends and relatives, including his mother. Id.

    d) He assembled a team of professionals and friends including himself; Joseph Suggs, former Treasurer of the State of Connecticut; Al Tindal, Manhattan attorney; George Bappas, Vice President of Merrill Lynch; Boris Wray and Tamia Murray, Marcus' close friends, to advise and promote the defendant and he showed him the promotional videotape which he assembled featuring this team, in New York, around April, 1996. Id.

 5. All moneys and items received by the defendant and his friends and relatives were given to them by the plaintiff as part of the agreement. None were

loans.  The plaintiff never requested or expected interest or repayment at that time.  Id.

6.  If the plaintiff had billed the defendant for all of his time, as described, at a reduced hourly rate of $200 per hour, it is estimated that the bill would have exceeded $150,000 for this time period.  Id.

7.  Outside of the above described agreement and relationship with the defendant, the plaintiff's entire professional activities were as a private attorney in Connecticut.  Id.

8.  The plaintiff has never had dealings of any kind with any other athlete in an attempt to represent them or become their agent, and he has never, therefore, provided any other athlete, or associates thereof, with money, gifts or remunerations or benefits of any kind.  Id.

9.  During the relevant time period, the defendant and his friends were scamming Attorney Spears in that they lied to him in order to extract money and other items from him Deposition of M. Camby, Exhibit B, at 94-96.

THE PLAINTIFF,
WESLEY SPEARS


By:_____
David K. Jaffe, Esq. (Fed. Bar #ct04640)
Brown Paindiris & Scott, LLP
100 Pearl Street
Hartford, CT 06103
Tel: (860) 522-3343
Fax: (860) 522-2490

## **CERTIFICATION**

I certify that a copy of the foregoing has been mailed, postage prepaid, on this 10th day of June 2005, to the following:

Patrick M. Noonan
Donahue, Durham & Noonan, P.C.
741 Boston Post Road
Guilford, CT 06437

A. Paul Spinella
Spinella & Associates
One Lewis Street
Hartford, CT 06103

_____
David K. Jaffe